J-S44012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LECHAN K. MYERS | : | |
| | : | |
| Appellant | : | No. 361 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 27, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002554-2018

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 29, 2020**

Appellant, Lechan K. Myers, appeals from the judgment of sentence of 5 to 10 years' incarceration, imposed after he was convicted, following a non-jury trial, of four counts of possession with intent to deliver (35 Pa.C.S. § 780-113(a)(30)), as well as single counts of possession of a controlled substance (35 Pa.C.S. § 780-113(a)(16)), criminal use of a communication facility (18 Pa.C.S. § 7512(a)), and resisting arrest (18 Pa.C.S. § 5104). On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, Appellant's counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's case are not pertinent to his present appeal. We need only note that he was convicted of the above-stated offenses on November 21, 2019. On January 27, 2020, he was sentenced to the aggregate term set forth *supra*. He did not file any post-sentence motions. Instead, on February 21, 2020, Appellant filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, he set forth the following issue: "[Appellant] alleges that the trial court abused its discretion in failing to run all counts concurrently and in failing to sentence … Appellant to the lower end of the standard range of the Pennsylvania Sentencing Guidelines." Rule 1925(b) Statement, 3/11/20, at 1 (single page).

On April 15, 2020, the court filed its Rule 1925(a) opinion, concluding that Appellant had waived his sentencing issue by not raising it orally at the sentencing hearing, or in a post-sentence motion. **See** Trial Court Opinion, 4/15/20, at 2-3. The court also found waiver due to Appellant's vague statement of his issue in his Rule 1925(b) statement. **See id.** at 3 ("[Appellant] has failed to state what, if any, sentencing factor entitles him to a concurrent sentence on every count or to a sentence at the lower range of the standard guideline[s,] or how [the court] otherwise abused [its] sentencing discretion.") (footnote omitted).

On July 31, 2020, Attorney Kelly filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the sentencing issue that Appellant seeks to raise

herein.  Attorney Kelly concludes that this issue is frivolous, and that Appellant

has no other, non-frivolous claims he could pursue herein.  Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin****, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders****, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago****. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago****, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After

determining that counsel has satisfied these technical requirements of ***Anders***

and ***Santiago***, this Court must then "conduct a simple review of the record to

ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Kelly's **Anders** brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history (albeit, without citations to the record), he indicates that nothing in the record could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. Attorney Kelly also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Moreover, Attorney Kelly's petition to withdraw indicates that he has supplied Appellant with a copy of his **Anders** brief, and counsel attached to his petition a letter directed to Appellant in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Having examined the transcript of Appellant's sentencing hearing, it is apparent that Attorney Kelly and the trial court are correct that Appellant's trial counsel, who was not Attorney Kelly, failed to preserve Appellant's sentencing challenge orally at that proceeding. Additionally, after imposing Appellant's sentence, the court informed Appellant that he had ten days to file a motion to modify his sentence, but he failed to do so. **See** N.T. Sentencing, 1/27/20, at 7. Consequently, Appellant has waived his discretionary-aspects-

of-sentencing claim for our review. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted). Because the record reveals no other, non-frivolous claims that Appellant could raise herein, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2020